■ HAROLD K. BARON, Appellant, v. KINGS-SUFFOLK REALTY CORP. et al., Defendants, and ALBERT GLASS et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. Further examination before trial of defendants Glass and Falitz was properly denied. Primarily, those defendants were extensively examined in 1956 and plaintiff took no steps to continue those examinations until the instant application was made. Both because of plaintiff's inaction for the long intervening period and

the completeness of the prior examinations, further examination was correctly refused. Secondly, the order of April 22, 1959, granting plaintiff's motion to open his default and vacate a dismissal of the action under rule 302 of the Rules of Civil Practice was expressly conditioned upon plaintiff's proceeding expeditiously to complete all preliminary proceedings and to "apply for restoration to the calendar within twenty days after their completion". Plaintiff could not ignore the directions of that order, nor circumvent them, by moving to restore the cause "without prejudice to further examination". The unilateral reservation of a privilege of further examination was completely ineffectual. It could only be accomplished by amendment or resettlement of the order of April 22, 1959 — relief which may not have been granted in view of the policy to complete all pretrial disclosure procedures before a case is placed on the calendar. (*Price* v. *Brody*, 7 A D 2d 204.) Thus, in moving to restore the case, plaintiff waived any right to further examination of defendants (*Price* v. *Brody, supra*). Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.